# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10185

United States Court of Appeals
Fifth Circuit

**FILED**

October 12, 2017

Lyle W. Cayce
Clerk

GUILLERMO MORENO LERMA,

Plaintiff-Appellant

v.

ROBERT K. STEVENS, Warden I; TYRONE JONES, Sergeant of Corrections Officer; JENIFER A. MARES, Corrections Officer; DENISE STAFFORD, Grievance Investigator; M. TONE, Region 5 Officer-Grievance AA IV,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:15-CV-70

Before PRADO, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Guillermo Moreno Lerma, Texas prisoner # 1071137, moves for leave to proceed in forma pauperis (IFP) on appeal. He filed this 42 U.S.C. § 1983 action against Robert K. Stevens, Warden of the Montford Unit; Sgt. Tyrone Jones; Jenifer A. Mares, corrections officer; Denise Stafford, grievance investigator; and M. Tone, grievance officer, alleging that his prison cell was searched and his property was confiscated for purposes of retaliation while he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was incarcerated at the John Montford Unit and that the defendants failed to adequately investigate the grievances he filed.

The district court dismissed Lerma's complaint as frivolous and for lacking an arguable basis in law pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A. The district court denied Lerma's motion to proceed IFP on appeal, certifying that his appeal was not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3).

By moving to proceed IFP, Lerma is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (quoting *Anders v. California*, 386 U.S. 738, 744 (1967)). We may dismiss the appeal if it is frivolous. *See* 5th Cir. R. 42.2; *Baugh*, 117 F.3d at 202 n.24.

Lerma's arguments are general and do not address the specific findings and conclusions reached by the district court concerning Lerma's failure to state a constitutional claim under the applicable law. The facts of Lerma's claims are simple and straightforward. He alleges that Officer Mares searched his cell and confiscated his headphones, some magazines, and two pens, scattered his property in his cell, failed to provide him with confiscation papers, and refused to feed him "last chow." Lerma does not allege what other facts needed to be developed at a hearing. The district court made no credibility determinations and accepted Lerma's facts as he alleged them.

The district court's dismissal as frivolous was based on its application of the law to the facts alleged by Lerma. The district court determined that Lerma did not have a constitutional claim actionable under § 1983 for the confiscation of his property because Texas state law provides an adequate remedy in the form of a civil action in tort for conversion, that Lerma had not

alleged sufficient facts to state a claim for retaliation because he had not alleged that Officer Mares had taken any action in retaliation against Lerma for his exercise of a specific constitutional right, and that Lerma had failed to state a claim against the other defendants because he had not alleged any personal involvement or any facts that would give rise to supervisory liability. Lerma makes no argument challenging these determinations.

*Pro se* briefs are afforded liberal construction. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Nevertheless, when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue. *See Brinkmann v. Dall. Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Because Lerma has failed to challenge any legal aspect of the district court's disposition of his complaint or the certification that his appeal is not taken in good faith, he has abandoned the critical issues of his appeal. *Id.* Thus, the appeal lacks arguable merit and is frivolous. *See Howard*, 707 F.2d at 220. Accordingly, Lerma's motion for leave to proceed IFP on appeal is DENIED, and his appeal is DISMISSED as frivolous. *See* 5th Cir. R. 42.2; *Baugh*, 117 F.3d at 202 n.24.

We hereby inform Lerma that the dismissal of this appeal as frivolous counts as a strike for purposes of § 1915(g), in addition to the strike for the district court's dismissal. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1761–64 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). We caution Lerma that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.